## ADEE *v.* J. L. MOTT IRON-WORKS.

*(Circuit Court, S. D. New York.  April 21, 1891.)*

PATENTS FOR INVENTIONS—INFRINGEMENT.

Letters patent No. 6,739, granted November 16, 1875, to James Foley, for an improvement in waste valves and overflows for basins and baths, which consists in bringing up the stand-pipe or outer pipe of the overflow through the casing or slab contiguous to the basin or bath-tub, and securely attaching it, preferably by a screw connection, to a removable cap resting upon the outside of the casing or slab, are not infringed by the device made under letters patent No. 170,709, to William S. Carr. and No. 358,147, to John Demarest, by which the stand-pipe is provided with a screw flange resting upon the top of the slab, but has no cap covering its upper end, as in the prior patent.

In Equity.
*Arthur v. Briesen,* for plaintiff.
*Francis Forbes,* for defendant.

SHIPMAN, J.  This is a bill in equity, which is founded upon the alleged infringement of reissued letters patent No. 6,739, dated November 16, 1875, to James Foley, for an improvement in waste valves and overflows for basins and baths.  The original patent was dated July 21, 1874.  The validity of this reissue and the patentability of the invention were adjudicated in the suit of *Adee* v. *Peck,* which was tried by Judge WALLACE.  His opinion describes the invention so far as was necessary in a cause in which infringement was admitted, and obviates the necessity of an extended description here.  *Adee* v. *Peck,* 42 Fed. Rep. 497.  The vital question in this case is that of infringement.  The patentee said in the specification of the reissue that before his invention "valves had been made with a tubular stem, which formed an overflow for the water when the level of the same rises above the upper end of the tubular stem.  In some instances this tube and valve have been introduced in the bath itself, and in other instances in a fixed tube at the side of the bath or basin.  When employed in the fixed tube adjacent to the basin it is difficult to remove the valve and its tubular stem, because the slab of marble or wood usually covers the end of the stationary screw, and there is a hole through the same for a rod that operates the valve and tubular stem.  In consequence of the difficulty of removing the tube and valve for cleaning, this waste valve and overflow are objectionable, and but little used.  My invention relates to an improvement that is made for allowing the valve and overflow to be easily removed.  For this purpose the valve and its tubular stem is continued up through the marble or wooden slab or table contiguous to the basin or bath, and provided with a removable cap, through which the stem to the handle passes."  The standing tube passes through the slab, and is furnished with a removable cap, preferably screwed to the tube.  A rod, with a handle at the upper end, passes through this cap, its lower end being connected by a bail with the tubular stem, which forms the overflow pipe, within the standing tube.  When the rod is raised and par-

tially revolved, it suspends the tubular stem and valve. The claim is as follows:

"The stand-pipe, *f*, of the bath or basin overflow, passing through the slab or table, *b*, and receiving at its upper end the removable cap, *l*, in combination with the overflow pipe, *o*, valve, *r*, and means for suspending the valve and overflow pipe from the cap, substantially as set forth."

It thus appears from the specification, and it is also stated by Judge WALLACE, that the improvement really made by Foley consisted "in bringing up the stand-pipe or outer pipe of the overflow through the casing or slab contiguous to the basin or bath-tub, and securely attaching it, preferably by a screw connection, to a removable cap, resting upon the outside of the casing or slab." Fastening a removable cap to the upper end of the stand-pipe upon the outside of the casing for the purpose of readily exposing the pipe and conveniently removing the valve-stem and its parts for cleaning or repairs was the important part of the improvement. If the defendant's device, which is made under letters patent No. 170,709, to William S. Carr, and No. 358,147, to John Demarest, assignor to the defendant, does not have the cap of the patent, there is no infringement. In this device the tubular valve-stem, which is the overflow pipe, extends up to the handle by which it is lifted. The stand-pipe does not have a cap which covers its upper end, but its mouth above the slab is provided with a screw flange, which rests upon the top of the slab. A nut around the stand-pipe clamps the under side of the slab. The contention between the parties is whether this flange is the cap of the Foley patent. It rests upon the outside of the slab, is removable, and helps to support the stand-pipe to the slab, and is deemed by the complainant to be directly within the terms of the patent, and to be the patented improvement. The complainant insists that it is immaterial whether it does or does not entirely cover the upper end of the pipe. In the Foley patent the rod which lifts the stem and valve passes through the contracted top of the cap of the stand-pipe, and the stem of the overflow pipe is guided centrally by the cap. The valve-stem cannot be lifted out until the cap is removed. In the defendant's device the so-called cap is simply a flange around an open mouth. The upper part of the overflow pipe is enlarged, so that it loosely fills the stand-pipe, and is lifted immediately out of it for the purpose of cleaning, without disturbing any other part. The upper end of the stand-pipe is not covered or capped in any proper sense. The difference is not merely in the size of the holes in the respective caps, but is a difference in the principle of construction of the two waste-valves. In the Foley valve the valve-stem is intentionally confined within the cap, which must be removed when the valve-stem is to be lifted out, while in the defendant's device the stand-pipe is intentionally made with an open mouth, so that the valve-stem can be instantly removed. There is no infringement, and the bill should be dismissed.